IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEANN WALTER, | ) | |
| 5138 Dartmoor Place, | ) | |
| Frederick, Maryland 21703, | ) | |
| *an individual*, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| USRP I, LLC, | ) | |
| 505 Quince Orchard Road, | ) | |
| Gaithersburg, Maryland 20878, | ) | |
| *a Delaware Limited Liability Company,* | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, DEANN WALTER ("MS. WALTER"), an individual, by and through her undersigned counsel, hereby files this Complaint and sues the Defendant, USRP I, LLC, ("Defendant"), a Delaware Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. §§ 12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and states as follows:

## JURISDICTION AND PARTIES

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*, (the "ADA").  This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and Rule 501, Local Rules of the United States District Court for the District of Maryland.

3.      MS. WALTER is a resident of the State of Maryland.

4.      MS. WALTER suffers from Multiple Sclerosis (MS) and is disabled. MS.

WALTER's disability, at all times material hereto, impairs her ability to walk, a major life activity, and requires her to use a scooter and/or cane to ambulate safely[1].

5.      Due to her disability, MS. WALTER is substantially impaired in several major life activities.

6.      The Defendant, USRP I, LLC, is a Delaware Limited Liability Company.  Upon reasonable belief, Defendant is the record owner, lessor, and/or operator of the place of public accommodation including the real property and improvements which are the subject of this action, to wit: "the Property," known as Firstfield Shopping Center, located generally at 505 Quince Orchard Road, Gaithersburg, Maryland 20878.  The Defendant is responsible for complying with the obligations of the ADA.

7.      All events giving rise to this lawsuit occurred in the District of Maryland.

<u>**COUNT I**</u>
<u>**(VIOLATION OF TITLE III OF THE ADA)**</u>

8.      The allegations set forth in the foregoing paragraphs are incorporated by reference as if fully set forth herein.

9.      The Property, a shopping center, is a place of public accommodation, subject to the ADA, generally located at 505 Quince Orchard Road, Gaithersburg, Maryland 20878.

10.      MS. WALTER has visited the Property and plans to return to the Property in the near future.

11.      During her visits, MS. WALTER experienced serious difficulty accessing the goods and utilizing the services at the Property due to the architectural barriers discussed herein.

12.       MS. WALTER continues to desire to visit the Property, but fears that she will

---

[1] MS. WALTER is capable of walking short distances without the help of aid scooter.

encounter serious difficulty due to the barriers discussed herein which still exist.

13.      MS. WALTER plans to and will visit the Property in the near future to utilize the goods and services offered thereon.

14.     Defendant has discriminated and continues to discriminate against MS. WALTER in violation of 42 U.S.C. §§ 12181 et seq. and 28 C.F.R. §§ 36.302 et seq. by excluding and/or denying MS. WALTER the benefits of the goods and services located on the Property by failing to provide and/or correct, *inter alia*, the following barriers to access which were personally observed and encountered by MS. WALTER, and which hindered her access:

A.  Plaintiff encountered inaccessible parking throughout the Property due to failure to provide signage designating accessible parking;

B.  Plaintiff encountered inaccessible parking designated as accessible throughout the Property due to excessive slopes;

C.  Plaintiff encountered inaccessible routes throughout the Property due to excessive slopes;

D.  Plaintiff encountered inaccessible sidewalks throughout the Property due to excessive cross slopes;

E.  Plaintiff encountered an inaccessible curb ramp due to excessively steep long slopes and excessive cross slopes near Einstein Bros Bagels;

F.  Plaintiff encountered an inaccessible curb ramp due to excessively steep long slopes and excessive cross slopes near First Field Beer and Wine; and

G.  Plaintiff encountered an inaccessible entrance due to a lack of level landing

at First Field Beer and Wine.

15.     To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16.     Independent of her intent to return as a patron of the Property, MS. WALTER additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17.     Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

18.     Removal of the barriers to access located on the Property would allow MS. WALTER to fully utilize the goods and services located therein.

19.     MS. WALTER has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  MS. WALTER is entitled to have her reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

## PRAYER FOR RELIEF

WHEREFORE, MS. WALTER demands judgment against Defendant and requests the following injunctive and declaratory relief:

A. That the Court declare that the Property owned, administered and/or operated by Defendant is in violation of the ADA;

B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals

with disabilities to the full extent required by Title III of the ADA;

C.  That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities and to undertake and complete corrective procedures to the full extent required by the Title III of the ADA;

D.  That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MS. WALTER; and

E.  That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,


KU & MUSSMAN, P.A.
12550 Biscayne Blvd., Suite 406
Miami, Florida 33181
Tel: (305) 891-1322
Fax: (305) 891-4512
*Attorneys for Plaintiff*

 */s/ Robert King*
Robert King, Esq. (MD 07156)
King & Silverman Attorneys at Law
3470 Olney Laytonsville Rd.
Suite 33
Olney, MD 20832
Tel: (301) 774-5999
Fax: (301) 774-5997
bobking@silverkinglaw.com